UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Joseph E. Konopacke, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. |
| | ) (**Jury Trial Demanded**) |
| BASF Corporation, | ) |
| Defendant. | ) |

## COMPLAINT

COMES NOW Plaintiff, Joseph E. Konopacke, by and through his counsel, William A. Jordan, and files this his Complaint as follows:

1. This action is brought pursuant to the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. section 621 et seq., 29 U.S.C. section 215 et seq., and 28 U.S.C. section 1343(4).

2. Jurisdiction exists pursuant to 28 U.S.C. Section 1331 which gives the District Court original jurisdiction over any legal action authorized by law to be commenced by any person to recover damages under any Act of Congress for the protection of civil rights.

3. Plaintiff, Joseph E. Konopacke, is a citizen and resident of Greenville County, South Carolina.

4. Defendant, BASF Corporation, is a corporation doing business in Oakland County, Michigan, Greenville County, South Carolina and employed Plaintiff in Greenville County, South Carolina.

5. Venue lies within the Greenville Division pursuant to 28 U.S.C. Section 1391 because the Defendant's offices are located in this judicial district and most of the events giving rise to this action occurred in the Greenville Division.

6. Defendant is an employer engaged in an industry affecting commerce and employs more than 20 regular employees.

7. Plaintiff is a 53 year old male and was 52 years old at the time of his discharge from employment with Defendant on or about November 10, 2008.

8. Plaintiff filed a timely charge of age discrimination with the Equal Employment Opportunity Commission (EEOC) and has met all administrative prerequisites for bringing this action. This action is commenced within 90 days of receipt of the Notice of Right to Sue from the EEOC.

9. Plaintiff worked for Defendant for 32 years, starting in 1976 as a Lab Technician and was promoted through the company ranks. At the time of his termination, Plaintiff was working in a Launch Manager/Field Service Coordinator position.

10. In 2008, there was a job opening for a Coatings Process Leader. Plaintiff applied and met or exceeded all of the minimal requirements for this position.

11. Plaintiff was denied the position and it was given to an employee who, upon information and belief, did not possess the minimal requirements that were posted for the job. This employee, however, was younger and less expensive to hire and keep employed at BASF.

12. Additionally, Plaintiff applied for another position, a Field Tech Service Rep, for which he was well-qualified and met or exceeded the minimal requirements.

13. Plaintiff was again denied the position and it was given to yet another employee who, upon information and belief, did not possess the minimal requirements that were posted for the job. This employee was also younger and cheaper for BASF to hire and employ.

14. On or about November 10, 2008, Plaintiff was terminated.

15. Plaintiff was treated differently because of his age (52) than other employees, who were younger than Plaintiff. Plaintiff was denied employment because he was too old and too close to retirement.

16. Plaintiff's age was a motivating factor in the decision to discharge him from employment.

17. Based upon information and belief, Plaintiff was replaced by an employee who was substantially younger, cheaper and who was less qualified than Plaintiff.

18. Defendant willfully and intentionally discriminated against Plaintiff because of his age.

19. All of the above acts of the Defendant violate 29 U.S.C. section 621 et seq. and as a result Plaintiff has suffered lost back pay, will continue to experience front pay losses, including wages, benefits, pension and profit sharing contributions and other remuneration and is entitled to injunctive relief and other relief, including liquidated damages, as this court may deem appropriate.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in his favor and against the Defendant as follows:

a. Award Plaintiff all back pay which resulted because of Defendant's unlawful discrimination in violation of the ADEA;

b. Award Plaintiff reinstatement and/or front pay;

c. Liquidated damages in an amount equal to Plaintiff's back pay and front pay;

d. Award plaintiff the costs for pension and profit sharing contributions plus costs for other benefits;

e. Award Plaintiff attorney's fees and costs; and

f. Award Plaintiff such other legal and/or equitable relief as this court may deem proper.

Dated this the 5th day of October 2009.

Respectfully submitted,

Law Office of William A. Jordan, LLC

By: s/ William A. Jordan
William A. Jordan (Fed # 2252)
501 Augusta Street     (29605)
PO Box 1687
Greenville, South Carolina 29602
(864) 235-0147
williamjordanlaw@gmail.com
ATTORNEY FOR PLAINTIFF

4