# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | |
|---|---|
| **Joseph E. Konopacke,** | ) |
| | ) |
| **Plaintiff,** | ) |
| v. | ) C. A. No. 6:09-cv-02615-HMH-WMC |
| | ) |
| **BASF Corporation,** | ) |
| | ) |
| **Defendant.** | ) |
| _____ | ) |

## Defendant's Responses to Federal Local Rule 26.03 Interrogatories

Pursuant to the current Scheduling Order, and Local Rule, Defendant BASF Corporation ("BASF"), responds to Local Rule 26.03 interrogatories as follows:

**1.     A short statement of the facts of the case:**

**ANSWER:**

The following is a brief statement of facts as understood by counsel at this time.

Business conditions in the automotive industry in 2008 led to a reduction in production, sales, and revenue which caused BASF's Automotive OEM Coatings Group to lower costs by exiting half of its business accounts, and focusing on retaining its remaining accounts, instead of launching new business accounts. Given BASF's Automotive OEM Coatings Tier Accounts Group's new strategy of focusing on retaining its remaining accounts, instead of launching new business accounts, the position of Launch Manager Service Coordinator, held solely by Joseph Konopacke, (age 52), was eliminated because it was no longer needed. Since Konopacke was the sole incumbent in the Launch Manager Service Coordinator position, there were no younger,

less experienced and lesser qualified employees in the position who were retained. No one was placed in Konopacke's position after his termination from BASF, and no one is performing the duties of Konopacke' position with BASF. A total of twenty-six (26) positions within the Automotive OEM Coatings Group, including Konopacke's, were eliminated. Statistical evidence will show that the selection decisions impacted those under the age of forty (40) to a greater degree than those forty (40) years of age and older.

Konopacke applied for two positions posted on BASF's Career website on October 20, 2008, a Coatings Process Leader position, and a Field Technical Service Representative position. Both positions were created to support BASF's paint business at KIA's new WestPoint, Georgia, Plant. Bill Kosteniuk (age 55), Technical Service Manager, was both the supervisor and hiring manager for the Coatings Process Leader position. Kosteniuk was also the hiring manager for the Field Technical Service Representative position. Kosteniuk reported to Joseph Schmondiuk, (age 48).

Kosteniuk and Schmondiuk selected Victor DiVirgilio, (age 46), for the Coatings Process Leader position at KIA's WestPoint, Georgia, Plant based upon DiVirgilio's proven and consistent history of leadership, teamwork, and customer interaction skills. Further, DiVirgilio was selected because Kosteniuk and Schmondiuk saw no risk in placing him in the position, but did see risk in placing Konopacke in the position because of Konopacke's previous difficulties with customers.

Kosteniuk and Schmondiuk interviewed each candidate for the Field Technical Services Representative position, including Joseph Konopacke and the person who was chosen for the position, Tommy Lilienkamp, (age 48). The Field Technical Service Representative was to physically perform the duties of the position within KIA's WestPoint, Georgia, Plant, and

2

reported to the Coatings Process Leader position. Had Konopacke been selected for the Field Technical Service Representative position, he would have reported to DiVirgilio.

Konopacke and Schmondiuk selected Lilienkamp for the Field Technical Service Representative position. The Field Technical Service Representative position was not a satisfactory match for Konopacke. BASF has a standard practice of not assigning employees to positions that are three or more salary grades below their current positions, which is not an age based practice.

Konopacke alleges that he was terminated from his employment based on his age when his job was eliminated. Konopacke further claims that the decision not to continue his employment in one of two other positions for which he applied at BASF was because of his age. Konopacke claims BASF's actions violated the Age Discrimination in Employment Act, 29 U.S.C. § 626 ("ADEA"). As the foregoing discussion shows, there is no support for Konopacke's contentions.

**2.    The name of fact witnesses likely to be called by the party and a brief summary of their expected testimony:**

> **ANSWER:**
>
> Roland DeLoach*, Corporate EEO Manager, will know about Konopacke's employment, the facts, circumstances and documentation of the reduction in force that eliminated Konopacke's position of Launch Manager Service Coordinator, and BASF's policies and procedures. DeLoach will know about the severance benefits and general release offered to Konopacke. DeLoach will know about the reduction in force, including information about the decisional units.
>
> Jim Fielder**, Konopacke's former manager, will know about Konopacke's performance, customer relations, and ultimate removal from both a BMW and a Mercedes Benz facility.
>
> Joseph E. Konopacke is expected to know about his claims in this matter.

3

Kristie Karr*, Human Resources Business Partner, will know about Konopacke's employment, the facts, circumstances and documentation of the reduction in force that eliminated Konopacke's position of Launch Manager Service Coordinator, and BASF's policies and procedures. Karr will know about the severance benefits and general release offered to Konopacke. Karr will know about the reduction in force, including information about the decisional units.

Bill Kosteniuk*, Technical Service Manager, will know about the reduction in sales and production, reduced revenue for BASF's Automotive OEM Coatings Group, and decisions in 2008 to lower costs by exiting half of the business of the OEM Coatings Tier Accounts Group to focus on remaining accounts as opposed to launching new business accounts. Kosteniuk will know about the posting, interviews, and decisions regarding the positions of Coatings Process Leader and Field Technical Service Representative created to support BASF's paint business at KIA's WestPoint, Georgia, Plant. Kosteniuk will know about the work history, performance, positions, and qualifications of Victor DiVirgilio and Tommy Lilienkamp.

Lynette Papushak*, Counsel, will know about Konopacke's employment, the facts, circumstances and documentation of the reduction in force that eliminated Konopacke's position of Launch Manager Service Coordinator, and BASF's policies and procedures. Papushak will know about the severance benefits and general release offered to Konopacke. Papushak will know about the reduction in force, including information about the decisional units.

Joseph M. Schmondiuk, III*, Global Account Director – OEM Coatings Solutions, will know about the reduction in sales and production, reduced revenue for BASF's Automotive OEM Coatings Group, and decisions in 2008 to lower costs by exiting half of the business of the OEM Coatings Tier Accounts Group to focus on remaining accounts as opposed to launching new business accounts. Schmondiuk will know about the posting, interviews, and decisions regarding the positions of Coatings Process Leader and Field Technical Service Representative created to support BASF's paint business at KIA's WestPoint, Georgia, Plant. Schmondiuk will know about the work history, performance, positions, and qualifications of Vic DiVirgilio and Tommy Lilienkamp.

BASF reserves the right to call rebuttal witnesses.

BASF reserves the right to name additional witnesses in discovery.

BASF reserves the right to call any witness named by the Plaintiff.

*Individuals designated with an asterisk "*" are current BASF management-level employees who may only be contacted through counsel for BASF.

\*\*Individuals designated with a double asterisk "\*\*" are former BASF management-level employees whose knowledge may be privileged and/or protected from disclosure under the attorney-client privilege and/or work-product doctrine. As to these employees, any applicable privilege or protection belongs solely to BASF, and BASF does not waive any such privilege. Should Konopacke or his counsel desire to contact these individuals, counsel for BASF should be notified before any contact is made and should be afforded the opportunity to be present to protect BASF's privilege(s) at any meeting, in any discussions, or in any correspondence.

**3.     The names and subject matter of expert witnesses:**

**ANSWER:**

BASF has not yet retained an expert, but reserves the right to do so if needed.

**4.     Summary of the claims or defenses with statutory and/or case cites supporting the same:**

**ANSWER:**

Konopacke alleges causes of action under the Age Discrimination in Employment Act, 29 U.S.C. § 626 ("ADEA"). BASF denies these claims. Cases that may set forth applicable law include *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248 (1981), *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502 (1993), and *Reeves v. Sanderson Plumbing Prod.*, 530 U.S. 133 (2000). The burden-shifting analysis set forth in *McDonnell Douglas Corp. v. Green* applies to age discrimination cases in the Fourth Circuit. *Halperin v. Abacus Tech. Corp.*, 128 F.3d 191, 196 (4th Cir. 1997). *Gross v. FBL Financial Services, Inc.,* 557 U.S. \_\_\_\_, 174 L.Ed.2d 119, 129 S.Ct. \_\_\_\_(2009)(An ADEA plaintiff must prove by a preponderance of the evidence that age was the "but for" cause of the challenged employment action.)

BASF intends to demonstrate that Konopacke's claims with regard to his termination from employment fail because his position was eliminated, and he was not replaced by a younger person. BASF intends to demonstrate that it had legitimate, non-discriminatory reasons for

5

choosing other individuals for the positions Konopacke applied for, Coatings Process Leader, and Field Technical Service Representative. BASF will show that the reasons for choosing these candidates, instead of Konopacke, were not motivated by age, but other factors. BASF will offer statistical evidence that the reduction in force did not discriminate based on age.

**5.    Proposed scheduling dates:**

**ANSWER:**

The parties agree that the dates set forth in the Conference and Scheduling Order filed October 30, 2009, are appropriate.

**6.    Special circumstances affecting the time frame of the scheduling order:**

**ANSWER:**

None.

**7.    Additional information requested in the pre-scheduling order:**

**ANSWER:**

None.

Dated this 2nd day of December, 2009.

>                       By:    s/Fred W. Suggs, Jr. _____
>                              Fred W. Suggs, Jr. (# 4376)
>                              Peter B. Murphy (# 9917)

OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P.C.
300 North Main Street
Post Office Box 2757
Greenville, South Carolina   29602
Telephone:     (864) 271-1300
Facsimile:     (864) 235-4754
E-Mail:        fred.suggs@odnss.com
E-Mail:        peter.murphy@odnss.com

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| **Joseph E. Konopacke,** | ) |
| | ) |
| **Plaintiff,** | ) |
| v. | ) C. A. No. 6:09-cv-02615-HMH-WMC |
| | ) |
| **BASF Corporation,** | ) |
| | ) |
| **Defendant.** | ) |
| _____ | ) |

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of December, 2009, I electronically filed the foregoing **Defendant's Responses to Federal Local Rule 26.03 Interrogatories** with the Clerk of Court using the CM/ECF system, and that a copy has been electronically served via CM/ECF on:

William A. Jordan, Esq.

s/Fred W. Suggs, Jr.
Fred W. Suggs, Jr.

OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P.C.
300 North Main Street
Post Office Box 2757
Greenville, South Carolina   29602
Telephone:     (864) 271-1300
Facsimile:     (864) 235-4754
E-Mail:         fred.suggs@odnss.com

7866918.1 (OGLETREE)